

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| AZELE NIKUZE, | § |
| Plaintiff | § § § |
| | § Civil No. 4:23CV1082 |
| -v- | § § |
| TEXAS HEALTH RESOURCES | § § |
| Defendant. | § § |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Azele Nikuze and files Plaintiff's Original Complaint.

I
PARTIES

1. Plaintiff Azele Nikuze is an individual who resides in Alamance County, North Carolina.

2. Defendant, Texas Health Resources ("THR"), is a non-profit organization incorporated in the state of Texas and may be served with process by sending notice to Donald Collins at 612 E. Lamar Blvd., Ste. 1400, Arlington, TX 76011.

II
JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint under 28 U.S.C. § 1331, this action being brought under 42 U.S.C. § 1981.

4. Venue is appropriate because the acts giving rise to this lawsuit occurred within Travis County, Texas, which is within the Plano Division of the Eastern District of Texas.

## III
## FACTS

5. Ms. Nikuze began her employment with THR on November 28, 2016 as a registered nurse for THR's Plano location.

6. For the entire duration of her tenure with your company Ms. Nikuze always gave her best efforts to Defendant and more importantly the patients it served.

7. For example, with the exception of the events detailed below, Ms. Nikuze had no disciplinary actions against her, and she never missed a single day of work.

8. Many times, Ms. Nikuze put her patient's needs in front of her own family's needs. She had hoped that she would be able to have a long and prosperous career with THR.

9. Unfortunately, during her tenure Ms. Nikuze experienced extreme racism and biased based on her race.

10. For example, Charge Nurse Dianne Fontaine has made several statements that show her discriminatory animus such as stating that she cannot keep her food in the communal refrigerator because she fears that the African employees will poison it.

11. But, while many examples are glaring, one of the most egregious example of this racial discrimination came on or about July 20, 2018.

12. That was when Ms. Nikuze was berated and humiliated by a fellow employee, Sharon Nelms.

13. The exchange occurred when Ms. Nikuze was giving the report of a patient's status to Ms. Nelms so that she could be able to handoff the patient to her as Ms. Nikuze's shift was over.

14. Upon inspection, Sharon became angry and began to question the treatment that Ms. Nikuze had administered.

15. When Ms. Nikuze explained that she was following the doctor's orders, Ms. Nelms became angry. Ms. Nikuze informed Ms. Nelms that the patient was due to have his next treatment upon the handing off of the patient, but Ms. Nelms did not care and ran off to the charge nurse to second guess the doctor's orders.

16. At this point, since her shift was over and Ms. Nikuze had provided all of the information pertinent to the patient's care, she went home. Ms. Nelms went on to not check on this patient for over five hours.

17. As a sad result, the patient in question passed away. Yet, while several nurses were present, including Ms. Nelms who was the one tasked with checking on the patient after Ms. Nikuze, Ms. Nikuze was the only nurse that was subjected to a Nurse Peer Review. It is imperative to note that Ms. Nikuze was also the only black nurse in charge of the care of this patient.

18. In short, Ms. Nikuze was scapegoated because of her race.

19. During the Nurse Peer Review, the racial bias against Ms. Nikuze was blatantly obvious.

20. For example, Ms. Nikuze was never afforded due process under the policy and guidelines.

21. The review was marred by factual misstatements that proved that from the onset, the committee was materially prejudiced against Ms. Nikuze.

22. Ultimately, it was not surprising that the committee decided to report Ms. Nikuze to the Board of Nursing despite the abundant evidence in her favor.

23. In Early March 2019, Ms. Nikuze met with the Chief Nurse Officer, Christy, to lodge a complaint based upon the racial discrimination she had suffered during the Nurse Peer

      Review. But nothing came of this complaint. Instead, Ms. Nikuze was placed on administrative leave pending the investigation.

24. From there, Ms. Nikuze was forced to defend herself in front of the Board of Nursing. During the Board investigation THR began to harass once again Ms. Nikuze attempting her to accept a reprimand that was not warranted and remedial education classes that she did not need.

25. In other words, THR was attempting to force Ms. Nikuze to accept fault for an incident that was of no fault of hers. Because of the racially charged environment, Ms. Nikuze was forced to resign from her position because she refused to accept fault for these demonstratively false accusations.

26. Ultimately, the Board found that "based upon the information reviewed during [its] investigation, it has been determined that the reported conduct does not warrant action by the Texas Board of Nursing at this time."

27. Despite the Texas Board of Nursing absolving Ms. Nikuze, the hostile environment based on her race continued.

28. For example, even though that the Texas Board of Nursing did not find any actions that required its action, THR still wanted to humiliate Ms. Nikuze by forcing her to attend remedial courses. Something that it would not have done but for her race.

29. Ultimately, Ms. Nikuze was forced to resigned from her position because of the continued mistreatment, racially motivated bias, and the continued verbal harassment on December 13, 2019.

30. All condition necessary to bring forth this suit have been satisfied.

IV

FIRST CAUSE OF ACTION: VIOLATIONS OF SECTION 1981

31. Plaintiff incorporates paragraphs 1-29 as if restated herein.

32. Plaintiff alleges that she was subjected to a hostile work environment because of her race. Furthermore, she was retaliated against when she complained of the racist environment that she faced.

33. Ultimately, Plaintiff was constructively discharged when she was subjected to an environment that was so intolerable that any reasonable employee would have felt compelled to quit.

34. As such, Defendant violated Section 1981.

## V
## JURY DEMAND

35. Plaintiff demands trial by jury.

## VI
## DAMAGES

36. Plaintiff seeks all damages allowed under the law, including monetary damages and:

 (a) injunctive relief;

 (b) actual damages;

 (c) punitive damages;

 (d) court costs, reasonable attorney's fees;

 (e) back pay, front pay, and other compensation for wages lost as a result of termination;

 (f) emotional distress, mental anguish; and

 (g) Plaintiff seeks pre- and post-judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: *Azele Nikuze* 12-08-2023
Azele Nikuze
Adress: 256 Macallan Dr. Burlington, NC 27215
Phone No. (325)374-6038
Email: Nikuze202@gmail.com