IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AZELE NIKUZE,<br><br>  Plaintiff,<br><br>v.<br><br>TEXAS HEALTH RESOURCES,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 4:23-cv-1082-ALM-KPJ<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF UNITED STATED MAGISTRATE JUDGE

Pending before the Court is Plaintiff Azele Nikuze ("Plaintiff") and Defendant Texas Health Resources' ("Defendant") (collectively, the "parties") Joint Motion to Compel Arbitration and Brief in Support (the "Motion") (Dkt. 3), wherein the parties request the Court enter an order compelling arbitration of all claims asserted by Plaintiff in accordance with the parties' arbitration agreement. Dkt. 3 at 1. In the Motion (Dkt. 3), Defendant further requests the Court dismiss the case without prejudice, pending arbitration. *Id.* at 1 n.1. For the reasons that follow, the Court recommends that the Motion (Dkt. 3) be **GRANTED IN PART** and **DENIED IN PART**.

      **I.**    **BACKGROUND**

On December 12, 2023, Plaintiff, proceeding *pro se*, filed the Complaint (Dkt. 1) alleging violations of 42 U.S.C. § 1981. Dkt. 1 at 5. Specifically, Plaintiff alleges that Defendant "subjected [her] to a hostile work environment because of her race," "retaliated against [her] when she complained of the racist environment," and "constructively discharged [her] when she was subjected to an environment that was so intolerable that any reasonable employee would have felt compelled to quit." *Id.*

1

On March 1, 2024, the parties filed the Motion (Dkt. 3), wherein the parties acknowledge that Plaintiff agreed to arbitrate her claims pursuant to Defendant's Mutual Agreement to Arbitrate Claims (the "Arbitration Agreement"). Dkt. 3 at 2. The parties state that the Arbitration Agreement requires Plaintiff "to submit to final and binding arbitration all claims or disputes related to her employment." *Id.* The parties further represent that prior to Plaintiff serving Defendant with the Complaint (Dkt. 1), "counsel for [Defendant] sent Plaintiff the [Arbitration Agreement] and a document demonstrating her completion, year over year, of the course in which she acknowledged same." *Id.* at 4. Accordingly, "Plaintiff confirmed that she is not opposed to the relief Defendant seeks and would like to move forward with arbitration pursuant to her agreement." *Id.*

In the Motion (Dkt. 3), the parties represent that following an order referring this case to arbitration, Defendant's preferred relief is dismissing this action without prejudice whereas Plaintiff's preferred relief is a stay of the case pending arbitration. *Id.* at 1 n.1. In support of its request to dismiss the case, Defendant provided Fifth Circuit case law to support its position that the Court should dismiss the case because all of the issues raised in Plaintiff's complaint are governed by the arbitration agreement. *See id.* at 8. However, the Motion (Dkt. 3) contained no corresponding argument to support Plaintiff's request to stay the case pending arbitration. Accordingly, the Court ordered Plaintiff to file a response to the Motion (Dkt. 3) addressing her request to stay the case pending arbitration. Dkt. 4 at 2.

On May 3, 2024, the parties filed the Joint Notice to Dismiss Case Pending Arbitration (Dkt. 6), wherein the parties represent that "[o]n April 30, 2024, Plaintiff emailed counsel for Defendant stating '[p]lease go ahead and dismiss the case from the court so we can start moving to resolve this case through arbitration.'" Dkts. 6 at 1; 6-1 at 2. Thus, the parties represent that they agree "to compel arbitration followed by the dismissal of the case, without prejudice." Dkt. 6 at 1.

On May 16, 2024, the Supreme Court issued its decision in *Smith v. Spizzirri*, 144 S. Ct. 1173, 1175 (2024), wherein it considered the question of "whether [9 U.S.C.] § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration." The Supreme Court held that "[i]t does not." *Id.* Accordingly, on May 28, 2024, the Court ordered the parties to appear for a hearing on June 3, 2024, regarding the issue of whether the case should be stayed or dismissed pending arbitration, given Plaintiff's original request to stay the case. Dkt. 7 at 2.

On May 31, 2024, Defendant filed a Notice Regarding Hearing on Joint Motion to Compel Arbitration (Dkt. 8), wherein Defendant represented that "Plaintiff informed counsel for Defendant that she is unable to attend the upcoming hearing." Dkt. 8 at 1. Defendant further represented that "it no longer requests the relief that this matter be dismissed pending arbitration" pursuant to the decision in *Smith*. *Id.*

## II. LEGAL STANDARD

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, written arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* § 2. The FAA provides that a party seeking to enforce an arbitration provision may petition the court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4. Courts perform a two-step inquiry to determine whether arbitration must be compelled. *See Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009) (citation omitted). First, the court must determine whether the parties agreed to arbitrate the dispute. *See id.* Second, the court must determine whether any applicable federal statute, policy, or waiver renders the claims nonarbitrable. *See id.*

### III.     ANALYSIS

**A.     Arbitration Agreement**

"Arbitration agreements are contracts" and "[w]hether an enforceable agreement to arbitrate exist[s] . . . is a question of contract formation" which is "guided by ordinary state contract law principles governing the formation of contracts." *Vollmering v. Assaggio Honolulu, LLC*, No. 22-cv-2, 2022 WL 6246881, at *6 (S.D. Tex. Sept. 17, 2022) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)), *R. & R. adopted*, 2022 WL 6250679 (S.D. Tex. Oct. 6, 2022). The party seeking to compel arbitration "bears the burden of showing, by a preponderance of the evidence, that the arbitration agreement exists." *Id.* (citing *GC Servs. Ltd. P'ship v. Little*, No. 19-1180, 2019 WL 5425032, at *6 (S.D. Tex. Oct. 23, 2019)). "Arbitration agreements between employers and their employees are broadly enforceable in Texas." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) (citing *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008)).

> The Arbitration Agreement, in relevant part, states:
>
> Texas Health believes the best way to resolve disputes with its employees is by the use of mutually binding arbitration, as allowed by the Federal Arbitration Act (the "FAA") and Texas law. This Mutual Agreement to Arbitrate ("Agreement") is separate from the above-referenced policies, procedures and Code of Business Ethics, and unlike those documents and the above acknowledgment, this Agreement is a binding contract. By signing this Agreement, and as a condition of employment, Texas Health and I agree that both Texas Health and I must submit all legally cognizable, employment-related claims to mutually binding arbitration, rather than to a court or jury. Nothing in this Agreement requires Texas Health to initiate arbitration before disciplining me or terminating my employment. Texas Health and I, however, must use arbitration as the binding means for resolving legal disputes arising out of, or relating to my employment with Texas Health.

Dkt. 3-2 at 2. The Arbitration Agreement further identifies the claims subject to arbitration as follows:

> I agree to submit all legally cognizable claims arising from my employment at Texas Health (including the termination or separation of that employment) to mutually binding arbitration. Claims covered by this Agreement include, but are not limited to, claims involving harassment, discrimination or retaliation of all types, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Age Discrimination In Employment Act, the Genetic Information Non-discrimination Act, and all other federal or state statutes establishing claims for harassment, discrimination or retaliation of any type, including workers' compensation retaliation.

*Id.* The parties agree that Plaintiff completed a human resources policy training course in which she reviewed and acknowledged the Arbitration Agreement on an annual basis and thus, Plaintiff agreed to be contractually bound by the Arbitration Agreement. *See* Dkt. 3 at 6. Further, through the Arbitration Agreement, Plaintiff "must use arbitration as the binding means for resolving legal disputes arising out of, or relating to [her] employment with [Defendant]." Dkt. 3-2 at 2. The Arbitration Agreement further defines the "employment-related claims" to include claims under 42 U.S.C. § 1981. *Id.* Thus, Plaintiff's claim that Defendant violated 42 U.S.C. § 1981 falls within the scope of the Arbitration Agreement and is subject to arbitration.

Given that neither party seeks to invalidate the arbitration agreement, the Court finds that this case should be referred to arbitration. *See* 9 U.S.C. § 2 ("[A]n agreement in writing to submit to arbitration an existing controversy arising out of such a contract, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."); *see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) ("[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991))).

B.     **Request to Stay the Case Pending Arbitration**

The Supreme Court recently addressed the question of "whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration." *Smith*, 144 S. Ct. at 1175. The Supreme Court held that "[i]t does not." *Id.* In reaching this holding, the Supreme Court reasoned that the language "shall . . . stay" in Section 3 "overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration." *Id.* at 1178. The Supreme Court also emphasized:

> [S]taying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, appointing an arbitrator, see 9 U.S.C. § 5; enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, see § 7; and facilitating recovery on an arbitral award, see § 9. Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections. District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires.

*Id.*

Here, Plaintiff, representing herself *pro se*, originally requested that the Court stay the case pending arbitration, and Defendant requested that the case be dismissed. Dkt. 3 at 1 n. 1. Defendant has now provided the Court with notice, pursuant to the above Supreme Court decision, that "it no longer requests the relief that this matter be dismissed pending arbitration." Dkt. 8 at 1. Thus, in light of the Supreme's Court ruling in *Smith*, Plaintiff's original request to stay the case pending arbitration, and Defendant's withdrawal of its request to dismiss the case pending arbitration, the Court recommends that the case be stayed pending arbitration.

## IV.  RECOMMENDATION

For the foregoing reason, the Court recommends the Motion (Dkt. 3) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court recommends that the parties be referred to binding arbitration, as agreed to by the parties, and that this suit be stayed pending the resolution of arbitration.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 14th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE